J. S58037/18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TERRY WAYNE KLINGENSMITH, | : | No. 677 WDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, March 26, 2018,
in the Court of Common Pleas of Jefferson County
Criminal Division at No. CP-33-CR-0000234-2012

BEFORE: OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: FILED SEPTEMBER 28, 2018

Terry Wayne Klingensmith appeals pro se from the March 26, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

A previous panel of this court provided the following factual and procedural history:

> On July 7, 1992, [appellant] pled guilty to rape, statutory rape, involuntary deviate sexual intercourse ("IDSI"), and other lesser-included offenses.[Footnote 2] The trial court sentenced him to an aggregate sentence of five to 20 years' incarceration. On January 24, 2000, he was paroled. While on parole, [appellant] committed a technical violation and was re-incarcerated on May 16, 2001. On January 22, 2008, he executed a request to serve his maximum sentence, indicating that he did not wish to be considered for parole. Consequently, [appellant] remained incarcerated until his maximum date of September 5, 2011. After his release,

> [appellant] resided at the Just for Jesus shelter in Snyder Township, Jefferson County, Pennsylvania.
>
> > [Footnote 2] 18 Pa.C.S.[A.] §§ 3121, 3122, and 3123, respectively.
>
> Shortly thereafter, [appellant] moved to Arizona. In an affidavit of probable cause sworn to on October 26, 2011, Trooper Carol Ponce of the Pennsylvania State Police averred that [appellant] had departed from the Just for Jesus facility nearly three weeks earlier and, as of October 21, 2011, he had failed to register a current address as required by law. Subsequently, [appellant] was located and extradited to Jefferson County.
>
> On July 16, 2012, he was charged with failure to comply with registration pursuant to Section 4915(a)(2) of the Pennsylvania Crimes Code. On August 9, 2012, the Commonwealth filed a motion for nolle prosequi, stating that the offense was inapplicable to [appellant]. The motion was originally granted by the Honorable John B. Leete, a visiting senior judge, on the same day. Four days later, the Honorable John Henry Foradora, President Judge, vacated Judge Leete's order and set the matter for a hearing, which was held on August 23, 2012. Subsequently, the court denied the Commonwealth's motion for nolle prosequi.
>
> A trial was scheduled for September 14, 2012. On that day, the court, sitting without a jury, found [appellant] guilty of failure to comply with registration pursuant to Section 4915(a)(2). On September 19, 2012, the court sentenced [appellant] to a period of 210 days to 10 years' incarceration.

Commonwealth v. Klingensmith, No. 1459 WDA 2012, unpublished memorandum at 2-3 (Pa.Super. filed March 24, 2014).

Appellant appealed from the judgment of sentence and this court affirmed on March 24, 2014. Id. On August 17, 2017, appellant filed a pro se petition pursuant to the PCRA, alleging that our supreme court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), applied retroactively and thus the registration requirements under Section 4915(a)(2) did not apply to him. On August 23, 2017, the PCRA court appointed George N. Daghir, Esq., to represent appellant.

Attorney Daghir filed a Turner/Finley[1] no-merit letter and petition to withdraw on March 2, 2018. On that same day, the PCRA court issued a notice of intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 and granted Attorney Daghir's petition to withdraw. The PCRA court dismissed appellant's PCRA petition on March 26, 2018.

Appellant filed a timely notice of appeal to this court on April 16, 2018. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on May 10, 2018. Appellant timely complied with the PCRA court's order. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) in which it incorporated the contents of Attorney Daghir's Turner/Finley letter on May 14, 2018.

Appellant raises the following issues for our review:

---

[1] See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

A. Notwithstanding the recent decision by the Superior Court in [Commonwealth] v. Murphy, [180 A.3d 402 (Pa.Super. 2018)], the [PCRA] court erred as a matter of law in dismissing [appellant's] 2017 petition under the Post-Conviction Relief Act by holding that the decision of the Supreme Court of Pennsylvania in [Commonwealth] v. Muniz, 164 A.3d 1189 [(Pa. 2017)], does not create an exemption of the timeliness requirement under 42 Pa.C.S.A. § 9545(b)(1)(iii) where the decision in Muniz clearly renders [appellant's] conviction a nullity.

B. The [PCRA] court erred as a matter of law in relying solely on the decision in Muniz as the starting point for timeliness where the subsequent enactment of Act 10 of 2018 on February 21, 2018 alternately serves as the proper starting point because it, rather than Muniz, states that [appellant] is not subject to the provisions of 18 Pa.C.S.A. § 4915.

C. The [PCRA] court erred as a matter of law in concluding that [appellant's] conviction under 18 Pa.C.S.A. § 4915 was not void ab initio since [appellant] stands convicted through an unconstitutional application of said statute.

Appellant's brief at 3.

When reviewing a PCRA court's dismissal of a petition under the PCRA,

we are governed by the following standard:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. Commonwealth v. Phillips, 31 A.3d 317, 319 (Pa.Super. 2011), appeal denied, [] 42 A.3d 1059 ([Pa.] 2012) (citing Commonwealth v. Berry, 877 A.2d 479, 482 (Pa.Super. 2005)). The PCRA court's findings will not be disturbed unless there is no

support for the findings in the certified record. Id. (citing Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa.Super. 2001)).

It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Commonwealth v. Murray, [] 753 A.2d 201, 203 ([Pa.] 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.[Footnote 1] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). Carr, 768 A.2d at 1167.

> [Footnote 1] The exceptions to the timeliness requirement are:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the

Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

Commonwealth v. Hernandez, 79 A.3d 649, 651-652 (Pa.Super. 2013).

In the instant case, this court affirmed appellant's judgment of sentence on March 24, 2014, and appellant did not file a petition for allocatur with our supreme court. Accordingly, appellant's judgment of sentence became final on April 23, 2014. See Pa.R.A.P. 903(a). Appellant filed the instant petition on August 17, 2017—more than three years after his judgment of sentence became final and more than two years after a PCRA petition could be considered timely. See 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year requirement. Here, appellant is relying on our supreme court's recent

holding that a retroactive application of the Sexual Offender Registration and Notification Act's ("SORNA") registration provisions is unconstitutional, as it violates the ex post facto prohibitions contained within both the United States and Pennsylvania Constitutions. Muniz, 164 A.3d at 1223. Shortly after our supreme court announced its decision in Muniz, this court determined that the holding in Muniz "should be retroactively applied in state collateral courts to comply with the United States and Pennsylvania Constitutions." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa.Super. 2017), citing Montgomery v. Louisiana, 136 S.Ct. 718, 734 (2016).

Most recently, in Commonwealth v. Murphy, 180 A.3d 402 (Pa.Super. 2018), a case involving an untimely PCRA petition, we held that the defendant was required to demonstrate that the Supreme Court of Pennsylvania has held Muniz applies retroactively in order to satisfy the time-bar exception of 42 Pa.C.S.A. § 9454(b)(1)(iii) (new constitutional right exception), and because, currently, no such holding has been issued by our supreme court, a defendant cannot rely on Muniz to meet that timeliness exception. Murphy, 180 A.3d at 405-406.

The Murphy court acknowledged the holding in Rivera-Figueroa and distinguished the case before it from Rivera-Figueroa. Id. In Murphy, similar to the case before us, the defendant's petition was untimely. Id. at

405. To the contrary, the petition at issue in Rivera-Figueroa was timely filed. Rivera-Figueroa, 174 A.3d at 677.

Consequently, because appellant's petition is untimely and our supreme court has not held that Muniz applies retroactively to satisfy the new constitutional right exception to the one-year time-bar, appellant's petition is untimely, and we do not have jurisdiction to consider appellant's appeal on its merits.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2018